UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:13-cr-00086-DAD |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR A REDUCTION OF SENTENCE |
| v. | |
| STORMY M. AVERS, | (Doc. No. 118) |
| Defendant. | |

On March 25, 2016, defendant Stormy M. Avers entered a plea of guilty pursuant to plea agreement to Count Two of the indictment in this case in which she was charged with sexual exploitation of minors in violation of 18 U.S.C. § 2251(b). (Doc. Nos. 61, 63.) That charge carried with it a minimum mandatory sentence of 15 years imprisonment up to a maximum of 30 years imprisonment, a fine of up to $250,000 or both fine and imprisonment, a five year to life term of supervised release, and a mandatory $100 penalty assessment. (Doc. Nos. 63 at 7; 74 at 18.) On June 24, 2016, the previously assigned district judge sentenced defendant to a 240-month term of imprisonment (to run concurrent to a then yet-to-be-imposed state court sentence for related acts of sexual misconduct involving a child), a 300-month term of supervised release, and a $100 penalty assessment. (Doc. Nos. 82, 84.) In imposing that sentence it appears the sentencing judge adopted the presentence report's recommended sentence. (Doc. No. 74 at 3, 18–19). The defense also supported that recommendation by the probation officer and urged the

1   court to follow it.  (Doc. No. 75.)

2       On May 22, 2023, this court received a letter from defendant Avers directed to the original sentencing judge requesting that the court "reconsider adjusting my sentence by 1.5 years or upon completion of my state sentence."  (Doc. No. 118 at 3.)[1]  This case was then re-opened and, because the sentencing judge had assumed inactive senior status several years ago, reassigned to the undersigned.  (Doc. No. 117.)

    In her letter requesting a reduction of her previously imposed sentence defendant Avers acknowledges that she is "not First Step Act eligible."  (Doc. No. 118 at 3.)  In seeking an 18-month reduction in her 20-year sentence defendant Avers refers to:  1) her version of the circumstances surrounding her plea and conviction; 2) her exemplary performance in prison including programming, job training and volunteer work; 3) her lack of prison disciplinary violations; and 4) the representation that her BOP case manager had informed her that the sentencing judge "may consider helping" her because her "risk and recidivism is considered low."  (*Id*.)

    A court generally "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c); *see also Pepper v. United States,* 562 U.S. 476, 501–02 n. 14 (2011); *Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."); *United States v. Mercado-Moreno,* 869 F. 3d 942, 948 (9th Cir. 2017) (ordinarily a district court "may not modify a term of imprisonment once it has been imposed.").  Those limited circumstances include, for instance, compassionate release under the First Step Act of 2018 ("the FSA")[2], in extraordinary cases, by way of motion brought

---

[1] Defendant Avers's letter was docketed as a *pro se* motion to vacate and/or reduce sentence. (*See* Doc. No. 118.)  The undersigned views the submission as only seeking a reduction of the previously imposed sentence.

[2] The Supreme Court has also held that when granting relief to those eligible under its terms "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." *Concepcion v. United States*, __U.S.__, 142 S. Ct. 2389, 2404 (2022).

pursuant to 18 U.S.C. § 3582(c)(1)(A).  *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020).[3]

Here, however, defendant Avers seeks a reduction in her sentence solely based upon representations of her post-sentencing rehabilitation.  Defendant has not moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Indeed, she readily concedes that she is not "First Step Act eligible."  (Doc. No. 118 at 3.)   Under these circumstances the undersigned is unaware of any authority that would allow the court to grant defendant Avers's request that her 20-year sentence imposed in 2016 be reduced by 18 months.

In short, no statutory authority exists here for the court to reconsider the original sentencing judge's determination in 2016 as to the appropriate sentence to be imposed.  Absent her eligibility for relief under the First Step Act or some other provision, the undersigned simply lacks the authority to modify or reduce her sentence due to her asserted post-sentencing rehabilitation or family circumstances.

Accordingly, defendant Avers's motion for a reduction of her 2016 sentence (Doc. No. 118) is denied.  The Clerk of Court is directed to again close this case.

IT IS SO ORDERED.

Dated:  **June 22, 2023**

UNITED STATES DISTRICT JUDGE

---

[3] In addition to those addressed in § 3582(c) itself, another exception to this general rule is when relief is authorized by Rule 35 of the Federal Rules of Criminal Procedure.  That rule sets forth two circumstances in which a district court may modify a sentence. Under Rule 35(a), a court may correct a sentence within 14 days of sentencing for an arithmetical, technical, or other clear error.  Pursuant to Rule 35(b), a district court may reduce a sentence based upon a defendant's substantial assistance in the government's investigation or prosecution of another.  However, neither of these exceptions is applicable to defendant Avers's pending motion.